Vance R. CUNNINGHAM, Plaintiff,

and

Richard Garrett Turay; Joseph Aqui; Curtis Beard; Elmer Campbell; Herman Paschke; Randy Pedersen; Jerry Sharp; Gilberto Soliz; Rolando Aguilar; Paul Begay; Samuel W. Donaghe; Anthony Gallegos; John Hall; Ron Petersen; Joel Scott Reimer, Plaintiffs—Appellees,

v.

DAVID SPECIAL COMMITMENT CENTER, Defendant,

and

John Taylor–Anderson, individually and his marital community and in his official capacity at the Special Commitment Center at Monroe, WA; Joan Kirchoff; Karen Sullivan; Pete Hazel, each in their individual capacity and in their official capacity as employees of the Dept of Social and Health Services; Richard Bosse, in his individual capacity and in his official capacity as an employee of the Dept of Corrections; Andre Simon; Mark Seling, Dr.; Dennis Braddock, Secretary of the Dept of Social and Health Services, Defendants—Appellants,

v.

Laura McCollum, Plaintiff-intervenor.

Vance R. Cunningham, Plaintiff,

and

Richard Garrett Turay; Joseph Aqui; Curtis Beard; Elmer Campbell; Herman Paschke; Randy Pedersen; Jerry Sharp; Gilberto Soliz; Rolando Aguilar; Paul Begay; Samuel W. Donaghe; Anthony Gallegos; John Hall; Ron Petersen; Joel Scott Reimer, Plaintiffs—Appellees,

v.

David Special Commitment Center, Defendant,

and

John Taylor–Anderson, individually and his marital community and in his official capacity at the Special Commitment Center at Monroe, WA; Joan Kirchoff; Karen Sullivan; Pete Hazel, each in their individual capacity and in their official capacity as employees of the Dept of Social and Health Services; Richard Bosse, in his individual capacity and in his official capacity as an employee of the Dept of Corrections; Andre Simon; Mark Seling, Dr.; Dennis Braddock, Secretary of the Dept of Social and Health Services, Defendants—Appellants,

v.

Laura McCollum, Plaintiff–intervenor.

Nos. 01–35874, 02–35509.

D.C. Nos. CV–91–00664–WLD, CV–94–00121–WLD, CV–91–00664–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided Feb. 19, 2003.

Before BRUNETTI, T.G. NELSON and RAWLINSON, Circuit Judges.

MEMORANDUM *

Because the district court modified its previously entered injunction, we have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). *See Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1037 (9th Cir.1998).

We decide this case in light of the state's repeated and documented failures to rectify the constitutional shortcomings of its civil commitment facilities for sex offenders. Against this backdrop, the district court acted within its discretion when it relied upon the opinion of the court-appointed expert, and required the siting of a "less restrictive alternative" facility at a location other than McNeil Island. *See Youngberg v. Romeo*, 457 U.S. 307, 322–23, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). The district court's ruling did not unduly interfere with the internal operation of the state's facilities. *See id.* at 322.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.